Citation Nr: 1730417 
Decision Date: 07/31/17 Archive Date: 08/04/17

DOCKET NO. 06-05 127 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Lincoln, Nebraska


THE ISSUES

1. Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU).

2. Entitlement to an extraschedular rating.


REPRESENTATION

Appellant represented by: Calvin D. Hansen, Attorney


WITNESS AT HEARING ON APPEAL

Appellant



ATTORNEY FOR THE BOARD

N. Rippel, Counsel


INTRODUCTION

The Veteran served on active duty from January 1967 to January 1969. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Lincoln, Nebraska. In April 2012, the Veteran testified at a personal hearing before a Decision Review Officer (DRO) as to the issue of entitlement to a TDIU. A transcript of this hearing is associated with the claims file. 

This case has a somewhat complex procedural history which merits discussion at this juncture. Claims of entitlement to service connection for bilateral hearing loss and tinnitus were denied by the Board in a July 2008 decision. In a February 2010 memorandum decision, the United States Court of Appeals for Veterans Claims (Court) vacated the Board's July 2008 decision with respect to the aforementioned issues, and remanded the claims for readjudication consistent with the Court's memorandum decision.

In November 2010, the Board remanded for additional development the Veteran's claims of entitlement to a TDIU and service connection for bilateral hearing loss, tinnitus, and a cardiovascular disability to include high blood pressure. In April 2015, the Board granted service connection for hypertension and again remanded the claims of entitlement to a TDIU and service connection for bilateral hearing loss and tinnitus for further development in compliance with the November 2010 remand directives. In a May 2015 rating decision, the RO implemented the grant of service connection for hypertension effective August 22, 2005, and assigned a noncompensable rating. The Veteran submitted a timely notice of disagreement with the effective date and initial rating assigned.

In an April 2016 decision, the Board granted service connection for tinnitus and denied an effective date prior to August 22, 2005, for the award of service connection for hypertension, and granted a 10 percent initial rating, but no higher, for hypertension. The issues of entitlement to service connection for bilateral hearing loss, "entitlement to an extraschedular rating" and TDIU were remanded to the AOJ. 

In May 2016, the AOJ issued a rating decision effectuating the April 2016 Board decision to grant a 10 percent rating for hypertension and service connection for tinnitus, and also granted a 10 percent rating for tinnitus. In July 2016, the Veteran submitted a VA form 21-0958, Notice of Disagreement (NOD), a form used to express dissatisfaction with an adjudicative action by the AOJ. The issues listed by the Veteran were evaluation and Diagnostic Code used for hypertension, and TDIU. 

In a September 2016 rating decision and supplemental statement of the case (SSOC), the AOJ granted service connection for bilateral hearing loss, assigning a noncompensable rating effective July 11, 2015. The AOJ continued to deny the claim for TDIU and "extraschedular rating" in the September 2016 SSOC.

In October 2016, the Veteran submitted a VA form 21-0958, Notice Of Disagreement (NOD), with the effective date of the award of service connection for bilateral hearing loss as well as the evaluation of that disability. TDIU was also listed. 

As to the recent NOD's, the Board does not have jurisdiction over these claims and there is no indication that the recent NODs have been missed or that development has stalled, and it appears that post-NOD development is ongoing. Therefore, the Board will not remand these matters to direct the issuance of a statement of the case at this time because the AOJ is still taking action on the issues. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Since filing his claim for TDIU in May 2009, the Veteran has principally argued that he is unemployable due to the effects of his service-connected physical conditions: back, knee and foot scar disorders as well as the medications taken for these conditions. The record reflects that he has a college degree and worked for the state as an administrator of a Veteran's Home from 1972 until retirement in 2007. He testified at his 2012 hearing that his service-connected orthopedic disabilities made it hard for him to lift, stand and move to perform any physical work tasks. He testified that he was working part-time for his friend as a store clerk, but cannot handle lifting or any significant physical tasks. He stated that his friend makes significant accommodations to allow him to keep his employment. He also mentioned that he noticed that medications to control the symptoms of his knee and back combine with his blood pressure medication (at the time of the hearing not service-connected) to cause dizziness and drowsiness. See Hearing transcript, pp. 7-9. 

Nonetheless, VA examinations conducted in January 2011 and November 2012 contain the examiners' opinions that the Veteran could perform sedentary activities despite his service-connected disabilities. 

Since the most recent examinations assessing the Veteran's occupational impairment due to service-connected disabilities, service connection has been granted for hypertension, bilateral hearing loss and tinnitus. Thus, service connection is presently in effect for chronic low back strain with left-sided sciatica, rated 40 percent disabling; chronic low back strain, degenerative disc disease, rated 40 percent disabling; left ankle disability, rated 20 percent disabling; laceration of left heel, healed with dysesthesias and loss of sensation in sural nerve distribution-left sided sciatica secondary to chronic low back strain, rated 20 percent disabling; healed fracture, left clavicle and secondary traumatic arthritis, rated 10 percent disabling; scar left heel, rated 10 percent disabling; right knee disability, rated 10 percent disabling; tinnitus, rated 10 percent disabling; hypertension, rated 10 percent disabling; and thumb and discectomy scars, as well as bilateral hearing loss, rated non-compensable. The Veteran has an 80 percent combined disability rating, effective from May 2009. 38 C.F.R. §§ 4.16 (a), 4.25, and 4.26. 

Recent VA treatment records suggest that the Veteran's service-connected disabilities have become more occupationally limiting since the most recent examinations. The Veteran has complained of increased back and knee pain causing increased difficulty walking, is using a cane and has requested that VA fill out paperwork for him to get a disability parking pass. See May 2016 VA treatment records. For these reasons, the Veteran should be afforded a new VA examination of his service-connected disabilities in order to determine whether, and the extent to which, his service-connected disabilities impair his daily and occupational functioning. 38 C.F.R. § 3.159 (c)(4). As noted by the Board in April 2016, any development affecting the TDIU issue may have an impact on the complete picture of the Veteran's service-connected disabilities and their effect on his employability as it pertains to extraschedular consideration. See Brambley v. Principi, 17 Vet. App. 20, 24 (2003). Thus, the issue of entitlement to an extraschedular rating will also be remanded.

Accordingly, the case is REMANDED for the following action:

1. Afford the Veteran an appropriate examination to determine the effects of his service-connected disabilities on his occupational functioning. The claims folder, including a copy of this Remand, must be made available to the examiner for review. 

Based on a review of the case, the examiner must provide an opinion as to the impact of the service-connected disabilities, individually and in combination, on the Veteran's ability to function in work-related tasks (e.g., sitting, standing, walking, bending, stooping, lifting, cognitive functioning, attendance, etc.) during the period on appeal. Any opinion provided must include an explanation of the bases for the opinion. If the reviewer feels that the requested opinion cannot be rendered without resorting to speculation, the examiner must state whether the need to speculate is caused by a deficiency in the state of general medical knowledge (i.e. no one could respond given medical science and the known facts) or by a deficiency in the record or the examiner (i.e. additional facts are required, or the examiner does not have the needed knowledge or training). Jones v. Shinseki, 23 Vet. App. 382 (2010).

2. Readjudicate the issues on appeal. If any benefit sought on appeal remains denied, the appellant and his representative should be furnished a supplemental statement of the case and given the opportunity to respond thereto. Thereafter, the case should be returned to the Board, if in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
MICHAEL LANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).